# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. CR-14-03960-02-RB |
| | ) | |
| | ) | |
| **MARTIN LOPEZ-OREGON**, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Martin Lopez-Oregon objected to his Pre-Sentence Report ("PSR").  (Doc. 15.)  The Government opposed Defendant's objection.  (Doc. 17.)  Having reviewed the parties' submissions and arguments, the Court hereby **OVERRULES** Defendant's objection to the PSR.

## I.      BACKGROUND

In 1998, Defendant was convicted of Sexual Abuse in the First Degree in violation of Ark. Code Ann. § 5-14-104 (1995).  (PSR ¶ 25.)  For this crime, Defendant received a one-day, time-served sentence in addition to three years probation, and a $400 fine or fee.  (PSR ¶ 25.)  Subsequently, in 1999, Defendant was deported to Mexico.  (Doc. 17 at 2.)  Fourteen years later, Defendant was arrested on March 15, 2013, for Illegal Re-entry after Deportation for an Aggravated Felony.  (PSR ¶ 26.)  He was convicted in September of 2013 in the Western District of Arkansas, and sentenced to 12 months and one day incarceration.  (PSR ¶ 26.)

Over one year later, on November 21, 2014, Defendant was charged with Re-entry of a Removed Alien in violation of 8 U.S.C. § 1326(a)(1), (b)(2).  (PSR ¶ 1.)  Defendant pled guilty to the charge.  (PSR ¶ 2.)  When preparing the PSR, the probation officer concluded that

1

Defendant was subject to a twelve-level offense level increase based on his prior sexual abuse conviction.  (PSR ¶ 14.)  The probation officer determined that Defendant's prior conviction was a crime of violence as defined in the sentencing guidelines for this particular statutory defense.

The parties dispute whether Defendant's past conviction of Sexual Abuse in the First Degree under Ark. Stat. Ann. § 5-14-104 falls under the statutory definition of "crime of violence."  The statute[1], Carnal Abuse in the First Degree, reads in relevant part:

> (a) A person commits carnal abuse in the first degree if, being under the age of eighteen (18) years, he engages in sexual intercourse or deviate sexual activity with another person not his spouse who is less than fourteen (14) years old. It is an affirmative defense to prosecution under this subsection that the actor was not more than two (2) years older than the victim.

> (b) Carnal abuse in the first degree is a Class A felony.

Ark. Code Ann. § 5-14-104 (1995).  Defendant asserts that his Arkansas conviction does not qualify as a crime of violence because (1) it is broader than the generic meaning of the offense, (2) it does not have a *mens rea* of active intentional employment of physical force, and (3) the Arkansas statute does not have an "element of use, threatened use, or attempted use of physical force" as required for "crimes of violence" under Title 18 U.S.C. § 16(a).  (Doc. 15 at 3-5.)  The Prosecution counters that Defendant's prior conviction constitutes a crime of violence because it qualifies as either the enumerated offense of statutory rape or sexual abuse of a minor.  (Doc. 17 at 1.)

In support of his objection to the PSR, Defendant argued that *United States v. Wray*, 776 F.3d 1182 (10th Cir. 2015) controls.  The Prosecution disagreed, arguing instead that *United States v. Hernandez-Castillo* is dispositive.  Defendant countered by claiming that *United States v. Begay* alters the impact of the *Hernandez v. Castillo* holding.  The Court requested

---

[1] The Arkansas Statue under which Defendant was convicted in 1998, Ark. Code Ann. § 5-14-104 (1995), was subsequently repealed by 2001 Ark. Acts 1738 §§ 6-11.

supplemental briefing from both parties discussing the relevance of *United States v. Wray* and its impact, if any, on the present case. The Prosecution promptly responded. Defendant, however, did not submit his response within the stipulated timeframe, and therefore the Court enters its decision without receipt of Defendant's supplemental argument.

## II.    DISCUSSION

The applicable guideline provision states, in relevant part, that a defendant's offense level increases "[i]f the defendant previously was deported, . . . . after . . . a conviction for a felony that is . . . a crime of violence . . . by 12 levels if the conviction does not receive criminal history points." U.S.S.G § 2L1.2(b)(1)(A) (2014). In the context of Defendant's past crime of Sexual Abuse in the First Degree, Application Note 1(B)(iii) is instructive. It defines a "crime of violence" as, *inter alia*,

> forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced), statutory rape, sexual abuse of a minor, . . . or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

U.S.S.G. § 2L1.2, app. n.1 (B)(iii) (2014). The Court applies a formal categorical approach in determining whether a defendant's prior conviction merits application of a sentencing enhancement, "looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions." *Taylor v. United States*, 495 U.S. 575, 600 (1990). Defendant advocates for the use of the "modified categorical approach" set forth in *Shepard v. United States*, 544 U.S. 13 (2005); however, Defendant failed to convince the Court that a modified categorical approach was appropriate in this circumstance.

Defendant's assertion that the Tenth Circuit's recent holding in *United States v. Wray* controls the outcome of the current case falls short.  In *United States v. Wray*, the court addressed the question of whether a defendant's prior conviction for "sexual assault-10 years age difference" under Colorado law constitutes a crime of violence under United States Sentencing Guidelines section 4B1.2 (career offenders).    776 F.3d 1182, 1184 (10th Cir. 2015). Significantly, the relevant portion of the definition of "crimes of violence" under section 4B1.2 Application Notes 1 is limited to "forcible sex offenses."  *See id.* at 1187.  Unlike the definition under section 2L1.2(b)(1)(A), there is no mention of consent, statutory rape, or sexual abuse of a minor in the definition linked to section 4B1.2.  *Id.*   The *Wray* court held that "a conviction under a sexual assault statute withdrawing the possibility of legal consent is not, *per se*, a 'forcible sexual offense.'"  *Id.* at 1188.  Additionally, the court determined that the defendant's prior sexual assault conviction did not fall within the residual clause of section 4B1.2(a)(2), which encompassed conduct that otherwise "presents a serious potential risk of physical injury to another."  *Id.*   Finding that the Colorado statute under which the defendant was convicted imposed strict liability, the court applied the *Begay* exception (discussed below) to conclude that the residual clause was inapplicable.  *Id.* at 1190.  The court reasoned that the Colorado statute was a strict liability statute because, "in the context of statutory rape, the only thing that makes it unlawful is the age of the (younger) participant." *Id.*

Admittedly, the Arkansas statute under which the Defendant was convicted appears analogous, on its face, to the strict liability statutory rape statute considered in *Wray*.  However, the Tenth Circuit's decision in *United States v. Wray* is distinguishable from the present case as it involved the interpretation of the definition for "crimes of violence" under section 4B1.2, rather than section 2L1.2(b)(1)(A).  Notably, the crimes of statutory rape and sexual abuse of a

minor are specifically enumerated in the Application Notes following section 2L1.2(b)(1)(A),

and therefore this Court does not need to consider whether the Defendant's prior conviction is

analogous to a "forcible sexual offense" or whether it falls within the ambit of section 4B1.2's

residual clause.  Moreover, as the Government points out, the United States does not argue that

Defendant's prior conviction falls within the residual clause.  (E-mail from Edwin Garreth

Winstead, Assistant United States Attorney, to Jessica Chavez, Courtroom Deputy to the

Honorable Robert C. Brack (June 3, 2015, 5:09 PM MST)).  Rather, the United States contends

that Defendant's prior conviction is an enumerated offense. (Doc. 17 at 3-8.)  As such, the *Wray*

court's analysis is distinguishable.

　　　　With *Wray* out of the way, the Government directs the Court's attention to *United States*

*v. Hernandez-Castillo*, where the Tenth Circuit held that a defendant's conviction under a

statutory rape statute fell within the definition of "crimes of violence" under section

2L1.2(b)(1)(A).  449 F.3d 1127, 1131 (10th Cir. 2006).  The court noted that the sentencing

guideline's Application Notes specifically listed statutory rape as a "crime of violence,"

"irrespective of whether [the defendant's] relationship [with the underage person] was

consensual." *Id.*  Furthermore, the Government calls the Court's attention to *United States  v. De*

*La Cruz-Garcia*, 590 F.2d 1157 (10th Cir. 2010).  There, the Tenth Circuit held that because a

Colorado statute criminalized "only activity that qualifies as 'sexual abuse of a minor,'" it met

the definition of "crimes of violence" under section 2L1.2. *Id.* at 1160.  In addition, the court

defined a "minor" as "a person who is under the age of legal competence," recognizing that in

most states this age is 18. *Id.* (citing Black's Law Dictionary 997 (6th ed. 1991)).  This

definition directly corresponds with the Arkansas statute at issue in this case, which made it a

crime for a person less than eighteen years of age to have sexual intercourse or deviate sexual activity with a person less than fourteen years of age.  Ark. Code Ann. § 5-14-104 (1995).

Defendant suggests that *Begay v. United States* alters the impact of *Hernandez-Castillo* and similar cases.  The *Begay* Court explained that crimes listed in the definition of a statute should be read as "examples limiting the crimes that [the clause] covers to crimes that are roughly similar, in kind as well as in degree of risk posed, to the examples themselves." *Begay v. U.S.*, 553 U.S. 137, 143 (2008).  However, *Begay* is distinguishable from *Hernandez-Castillo*. *Begay* considers the question of whether a defendant's multiple driving under the influence ("DUI") convictions, which are felonies under New Mexico law, constitute violent crimes under the residual clause of the Armed Career Criminal Act.  *Id.* at 142-45.  DUIs are not one of the enumerated crimes under section 4B1.2, but the government argued that DUIs are analogous to the enumerated crimes or should fall into section 4B1.2's residual clause.  The *Begay* Court concluded that the risk inherent in drunk driving was not similar enough to the enumerated offenses, and therefore the defendant's felony DUI conviction fell outside of the Act's residual clause.  *Id.* at 148.  The *Begay* decision does not impact the analysis of enumerated crimes. Again, statutory rape and sexual abuse of a minor are crimes expressly listed under section 2L1.2(b)(1)(A)'s definition for "crimes of violence."  Consequently, *Hernandez-Castillo* and *De La Cruz-Garcia* are dispositive.  A conviction under the Arkansas Statute, which is considered a statutory rape statute, or, alternatively, a sexual abuse of a minor statute, is a "crime of violence" for the purposes of sentencing guideline section 2L1.2(b)(1)(A).  (*See* Doc. 17.)

### III.   CONCLUSION

Defendant's prior conviction for Sexual Abuse in the First Degree in Arkansas falls within, or is equivalent to, the generic crimes of statutory rape and sexual abuse of a minor. Accordingly, the Court holds that the twelve-level sentencing enhancement under United States Sentencing Guideline section 2L1.2(b)(1)(A) is proper, and Defendant's objection to his Pre-Sentence Report is overruled.

**THEREFORE**,

**IT IS ORDERED** that

Defendant's Objection to the Pre-Sentencing Report (Doc. 15) is **OVERRULED**.


_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**